UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

DALE MARTIN PINGREY,                                            No. 12-10158

                 Debtor(s).
_____/

Memorandum on Motion to Abstain
_____

     Claimant Charles Arnold was grievously and permanently injured while an employee on the ranch of Chapter 13 debtor Dale Pingrey. Prior to the bankruptcy, Arnold was prosecuting a personal injury action against Pingrey in state court. Arnold has filed a proof of claim in the bankruptcy proceedings, and now asks the court to abstain from adjudicating his claim in favor of the state court.

     The court's first thought was that there was no need to litigate Arnold's claim anywhere. In cases where there is no insurance and an unliquidated claim, Chapter 13 debtors usually propose a "pot" plan whereby they pay over to the trustee the value of their nonexempt assets and their disposable income as required by the Bankruptcy Code. Since that is all there is to go around, there is usually little purpose served in litigating the claim. However, this is not a usual case. Arnold is Pingrey's principal creditor, and Pingrey is intent on fighting the claim.

     Pingrey is not attempting to hide his intentions in filing his Chapter 13. His business was growing marijuana, which may be legal under California law but not federal law. Pingrey believes that if he litigates in federal court he can show that Arnold's claim is barred by the doctrine of unclean

1

hands. In this belief he is almost certainly mistaken, as the court cannot imagine any court applying this equitable doctrine to bar Arnold from recompense for his severe injuries. Pingrey's reliance on an earlier decision of this court is misplaced; the equities are different.

Since Arnold's claim will have to be litigated, the court notes first that Chapter 13 cases are often dismissed, either because the debtor has failed to make plan payments or because the debtor exercises his right to dismiss pursuant to § 1307(b) of the Bankruptcy Code. The court therefore rarely hears (or burdens the district court with) lengthy litigation in Chapter 13 cases, almost always abstaining in favor of the state courts. To do otherwise invites state court litigants to avoid trial by filing Chapter 13 cases. I addition to that consideration, the court notes that Arnold's claims arise under state law and were already being litigated in state court when the Chapter 13 case was filed. These are important factors in deciding whether or not to abstain.

Taking all of these factors into consideration, the court feels that abstention in favor of the state court is appropriate. Therefore, the motion to abstain will be granted. Counsel for Arnold shall submit an appropriate form of order.

Dated: May 18, 2012

Alan Jaroslovsky
U.S. Bankruptcy Judge

2