UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

DALE MARTIN PINGREY,                                      No. 12-10158

                       Debtor(s).
_____/

Memorandum on Plan Confirmation
_____

      Claimant Charles Arnold was grievously and permanently injured by a third party while allegedly an employee on the ranch of Chapter 13 debtor Dale Pingrey. Prior to the bankruptcy, Arnold was prosecuting a personal injury action against Pingrey in state court. Arnold has filed a proof of claim in the bankruptcy proceedings, but the court has abstained in favor of the state court to adjudicate the claim. Pingrey's plan is now before the court. Arnold objects on grounds that Pingrey is ineligible for Chapter 13, that the filing is for an improper purpose, and that it fails to meet the liquidation test of § 1325(a)(4) of the Bankruptcy Code.

      The court finds that Pingrey's debt to Arnold is unliquidated. Arnold has not provided any authority for his argument that because his medical expenses exceed the eligibility amount his claim is treated as liquidated. Accordingly, the court finds Pingrey eligible for Chapter 13.

      Pingrey freely admits that he filed this Chapter 13 in order to keep Arnold from obtaining a prejudgment writ of attachment. Arnold argues that this is evidence of bad faith, but again provides no authority. While the court has found some, bad faith is measured by the totality of the circumstances

1

and generally not just one factor. If Pingrey were sticking to his original proposal of $250.00 per month, the court might well have found that the plan was not proposed in good faith. However, Pingrey's oral offer to raise the payments to $1,000.00 per month at least gives the court pause. Of course, in order to establish good faith Pingrey would also need to describe what would happen if he is found liable to Arnold and then seeks to dismiss his Chapter 13 rather than liquidate his assets as his plan proposes; an illusory plan cannot be confirmed. *In re Goodwin,* 328 B.R. 868, 873 (Bkrtcy.M.D. Fla..2005).

The critical issue in this case is whether Arnold would get more in Chapter 7 than Pingrey proposes to pay him under the plan if he prevails in state court. Pingrey's only asset is a promissory note secured by real estate, which Pingrey proposes to live on while the Chapter 13 is ongoing. Pingrey has produced no evidence as to the value of the note now or the value of the note when it may need to be liquidated after Pingrey has lived on it for several years. This is a complicated calculation involving the terms of the note, interest rates and the value of the security and requires expert testimony. Moreover, Pingrey has completely ignored allegations that he has made transfers which would be avoidable in Chapter 7. It is his burden to convince the court that Arnold would fare no better in Chapter 7, and he has not done so.

To summarize, the court finds Pingrey eligible for Chapter 13. The court will defer a ruling on good faith pending an amended plan and discussion of the court's concerns that the plan may be illusory. However, Pingrey has clearly not met his burden under § 1325(a)(4) of showing that Arnold would fare no better in Chapter 7. Accordingly, the current plan cannot be confirmed. The court will afford Pingrey one more opportunity to propose a confirmable plan. Counsel for Arnold shall submit an appropriate form of order.

Dated: September 4, 2012

Alan Jaroslovsky
U.S. Bankruptcy Judge